[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 21, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11804
Non-Argument Calendar
_____

D. C. Docket No. 00-06022-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES LLEWLYN,
a.k.a. Charles Llewylin,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 21, 2005)**

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Charles Llewlyn ("Llewlyn"), a federal prisoner proceeding pro se, appeals

the district court's denial of his motion to dismiss his indictment, filed pursuant to

Fed.R.Crim.P. 12(b). On March 7, 2005, Llewlyn, proceeding <u>pro se</u>, filed a "Nunc Pro Tunc Motion to Dismiss Indictment Pursuant to Fed.R.Crim.P. 6(f) & 12(b), et. seq.," asserting various defects in his indictment.

In the instant case, Llewlyn is using Fed.R.Crim.P. 12(b) to attack his conviction and sentence after this court affirmed this conviction and sentence on direct appeal, and his § 2255 motion was unsuccessful. Because Llewlyn's motion was the functional equivalent of a successive motion to vacate, within the meaning of § 2244(b)(3)(A), and because he never obtained leave to file a successive motion, it was subject to dismissal for lack of jurisdiction. <u>Felker</u>, 101 F.3d 660-61; <u>see also</u> 28 U.S.C. § 2244(b)(requiring the dismissal of successive petitions for which no leave is obtained). As such, we vacate the judgment of the district court and remand with instructions to dismiss for lack of jurisdiction.

**VACATED AND REMANDED.**